# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 7, 2007**

Charles R. Fulbruge III
Clerk

No. 06-11230
Summary Calendar

———

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

STEVEN FLORES

Defendant-Appellant

———

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:02-CR-114-7

———

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Steven Flores appeals the 18-month sentence imposed after revocation of his supervised release. Flores argues that the district court violated his rights under the Confrontation Clause when it allowed the Government to introduce into evidence a positive urine test to show that Flores had used cocaine while on supervised release. Flores argues, as he did in the district court, that the urine test result was inadmissable because the Government failed to support the result with an affidavit by "a responsible laboratory employee" as required by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

United States v. Grandlund, 71 F.3d 507 (5th Cir. 1995), opinion clarified, 77 F.3d 811 (5th Cir. 1996).

"Alleged violations of the Confrontation Clause are reviewed de novo, but are subject to a harmless error analysis." United States v. McCormick, 54 F.3d 214, 219 (5th Cir. 1995). This court reviews a district court's decision to revoke a defendant's supervised release for abuse of discretion. Id. As Flores's pleaded true to all but one of the charged violations of his supervised release, the district court's revocation of his supervised release was not an abuse of discretion. Id.

In Grandlund, we established mandatory procedures for revocation cases in which there is a legitimate challenge to hearsay testimony regarding a laboratory report. See id. at 511. These procedures include the requirement that, in support of a laboratory report, the Government produce "an affidavit by a responsible laboratory employee attesting to laboratory procedures, including chain-of-custody routines, whether all required procedures were followed regarding the subject sample(s), and the result(s) of the testing." See id.

We have not defined the phrase "responsible laboratory employee" as it is used in Grandlund. Regardless, any error in not requiring an affidavit by the laboratory technician that actually tested Flores's urine was harmless. Just as testimony by the actual laboratory technician was deemed to be of little use to the defendants in McCormick and Grandlund, testimony or an affidavit by the laboratory technician that tested Flores's urine would have been of little use to Flores in this case. See Grandlund, 71 F.3d at 510-11; see also McCormick, 54 F.3d at 222-24.

Flores also argues that the district court provided no justification for imposing a sentence above the recommended guidelines range and that his sentence was therefore unreasonable. We review this challenge to Flores's sentence for plain error. See United States v. Hernandez-Martinez, 485 F.3d 270, 272 (5th Cir. 2007).

We routinely uphold sentences imposed upon revocation of supervised release so long as they not do exceed the statutory maximum. See United States v. Weese, 199 Fed. Appx. 394, 396 (5th Cir. 2006) (citations omitted), cert. denied, 127 S. Ct. 1374 (2007). Flores's 18-month sentence did not exceed the statutory maximum. See 18 U.S.C. §§ 3559, 3583(e)(3). Because we have not yet required district courts to expressly state their reasons for selecting a revocation sentence, any such error could not now be plain. Accordingly, the district court's judgment is AFFIRMED.